## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. BETTY D. MORGAN, individually, and in her capacity of Personal Representative of the Estate of Larry F. Morgan, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO: CIV-2008-305-R |
| 1. BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY; 2. JOHN WHETSEL, in his individual and official capacity as Sheriff of Oklahoma County; 3. OKLAHOMA COUNTY SHERIFF'S OFFICE; 4. OKLAHOMA DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES; 5-35. Employees of OKLAHOMA COUNTY SHERIFF'S OFFICE, JOHN DOES 1-30; 36-66. Employees of OKLAHOMA DEPARTMENT OF MENTAL HEALTH AND SUBSTANCE ABUSE SERVICES, CENTER, JOHN DOES 1-30, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is Plaintiff's motion to remand this case to the state court from which it was removed. Doc. No. 12. In support of this motion, Plaintiff asserts that the Notice of Removal was untimely, citing 28 U.S.C. § 1446(b), and that the Notice of Removal is defective in that it does not reflect the consent of all Defendants to removal or any explanation for the other Defendants' non-joinder in the Notice. Additionally, Plaintiff asserts that the Court lacks jurisdiction over her claims against Defendant Oklahoma Department of Mental Health and

Substance Abuse Services because the Eleventh Amendment proscribes suit against that state agency in federal court absent that entity's consent or a waiver of its Eleventh Amendment immunity, of which there is none herein.

Defendant John Whetsel in his individual and official capacities as Sheriff of Oklahoma County, who filed the Notice of Removal, argues that removal was timely because Plaintiff's state court petition did not reveal on its face that the amount in controversy exceeded the $75,000 requirement for diversity jurisdiction. Defendant Whetsel asserts that it was unnecessary for the other Defendants to join in or sign the Notice of Removal and that all that is required is that each Defendant file a notice of its consent to or intent to join in the removal which, he states, simply hasn't been done yet. He asserts that there is no time limit for the other Defendants to file such notices. With respect to DMHSAS' Eleventh Amendment immunity, Defendant Whetsel asserts that its notice of joinder, which he contends is forthcoming, should be sufficient to consent to federal jurisdiction.

Removal hereto was predicated on 28 U.S.C. § 1441(b) "because Plaintiff alleges claims arising under 42 U.S.C. § 1983." Notice of Removal at paragraph 2. Plaintiff's 42 U.S.C. § 1983 claim for relief was set forth in the state court petition filed January 24, 2008. See Petition (Exhibit "A" to Plaintiff's Motion to Remand), Third Cause of Action at paragraphs 33-41. Defendant Whetsel has acknowledged that he was served with the petition on February 7, 2008. See Motion for Leave to File Amended Anser (Exhibit "C" to Plaintiff's Motion to Remand) at paragraph 1. Accordingly, the Notice of Removal filed by Defendant Whetsel on March 25, 2008, was not timely. See 28 U.S.C. § 1446(b).

Additionally, the Notice of Removal herein is procedurally defective because the other Defendants have not joined in it and the Notice does not affirmatively explain the absence of the

remaining Defendants.  <u>See</u>, e.g., Brady v. Lovelace Health Plan, 504 F. Supp.2d 1170, 1172-73 (D.N.M. 2007); Helm v. Drennan, 2007 WL 2128404 at *1 (N.D.Okla. July 25, 2007) (No. 07-CV-0344-CVE-SAJ).  <u>See</u> <u>generally</u> Cornwall v. Robison, 654 F.2d 685, 686 (10th Cir. 1981).

In accordance with the foregoing, the Notice of Removal herein was untimely and procedurally defective.  Therefore, pursuant to 28 U.S.C. § 1447(c), Plaintiff's motion to remand [Doc. No. 12] is GRANTED and this case is REMANDED to the District Court of Oklahoma County, State of Oklahoma.

IT IS SO ORDERED this 28th day of April, 2008.

*/s/ David L. Russell*
**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**